Thad M. Scroggins, Esq., SBN 299453
**THE LAW OFFICE OF THAD M. SCROGGINS**
155 N. Lake Ave., Suite 800
Pasadena, CA 91101
Tel: (626) 993-6715
Fax: (626) 226-5594
thad@scrogginsesq.com

Attorneys for Plaintiff, ANTON INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| ANTON INTERNATIONAL, INC., a California corporation;<br><br>Plaintiff,<br>v.<br><br>CHUNHONG ZHANG, an individual, and DOES 1 through 50, inclusive;<br><br>Defendants. | Case No. 5:21-cv-00120-JWH-KKx<br><br>Honorable John W. Holcomb Presiding<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Objections to Evidence; [Proposed] Order]<br><br>Date: March 26, 2021<br>Time: 09:00 a.m.<br>Courtroom: 2 |

    Plaintiff, ANTON INTERNATIONAL, INC. ("Plaintiff"), hereby submits its opposition to Defendant, CHUNHONG ZHANG'S ("Defendant") Motion to Dismiss Plaintiff's Complaint.

    Plaintiff submits that the facts and the law do not support Defendant's Motion to Dismiss Plaintiff's Complaint as demonstrated in Plaintiff's Opposition.

That position and this opposition are based upon the attached memorandum of points and authorities, the records and files of this action, and such further and other arguments and evidence as may be presented at the hearing on Defendant's Motion.

## I. INTRODUCTION

This is a civil action for copyright infringement of protected elements of Subject Design A, Subject Design B (collectively, the "Sky Horse Designs"), and Subject Design C (collectively, the Sky Horse Designs and Subject Design C are hereinafter referred to as the "Subject Designs"), of which Plaintiff is the exclusive U.S. licensee, and which Defendant copied and subsequently used and exploited without permission on its unicorn garments (the "Subject Product").

Defendant brings its motion (the "Motion") under Rule 12(b)(6) to dismiss Plaintiff's Complaint (the "Complaint"). Defendant's briefing on their motion boils down to a single issue: Whether under the Ninth Circuit's "extrinsic test" for copyright infringement, the two works are "substantially similar." As Defendant's Request for Judicial Notice ("RJN") and the Declaration of Chunhong Zhang ("Zhang Decl.") reflect, the Court cannot rule on that subject in the absence of evidence outside the Complaint and the works in issue. The matter of substantial similarity can only be decided on a factual record. The evidence Defendant wishes the Court to consider now is not properly before it. See Plaintiff's Obj. to RJN and Zhang Decl., filed concurrently herewith. On that basis alone, the Court can and should deny the motion. See Section IV., below.

Should the Court overrule Plaintiff's objection to that evidence and not exclude it, then under Rule 12(d) the Court "must" treat Defendant's motions as one for summary judgment. Under Ninth Circuit law, Plaintiff is entitled to a "reasonable opportunity" to present pertinent evidence on the motion. See Section V., below. Plaintiff intends to proffer evidence, including expert testimony, going to those issues pertinent to "dissection" and comparison of the works in issue under the extrinsic test. Plaintiff expects that evidence to counter Defendant's assertion that the pertinent elements of

Plaintiff's work are unprotected as a matter of law.

Defendant does not deny that the works bear many similarities. Should the Court wish to engage in the extrinsic analysis now, its review of the two works will confirm that. See Section VI., below. Defendant contends only that those similarities are not legally meaningful. Defendant is wrong for a variety of reasons, mostly because they have taken extraordinary liberties with the Circuit's extrinsic test as applied to the works in issue here.

## II.  LEGAL STANDARD

Under Rule 12(b)(6), dismissal for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. When ruling on a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.  THE COMPLAINT SATISFIES THE PLEADING REQUIREMENTS FOR A COPYRIGHT INFRINGEMENT CLAIM

There is no heightened pleading standard for copyright infringement claims. On its face, the Complaint plausibly alleges the necessary elements of a copyright infringement claim, i.e., (A) ownership of a valid copyright, and (B) copying of original elements of the Subject Designs. *Feist v. Rural Tel.,* 499 U.S. 340, 361 (1991).

The motion concedes that the Court cannot adjudicate the matter of substantial similarity in Defendant's favor on the basis of the Complaint's allegations, ergo the request for judicial notice and the CAD attached to the Declaration of Chunhong Zhang. That concession constitutes an acknowledgement that those allegations suffice for pleading purposes to sustain Plaintiff's claim for copyright infringement.

The Complaint contains all of the claim's necessary elements. See Complaint at ¶¶ 22-28. Its allegations, including those pertaining to Defendant's copying of the Subject Designs, are plausibly stated under Iqbal/Twombly and give Defendant adequate notice of Plaintiff's claim. At this stage of the proceedings, that is all the rules and law require.

**IV.  ASSESSING THE WORKS' SUBSTANTIAL SIMILARITY REQUIRES THE COURT TO CONSIDER EVIDENCE OUTSIDE THE COMPLAINT NOT SUSCEPTIBLE TO JUDICIAL NOTICE**

By their current motion, Defendant asks the Court to adjudicate at the pleading stage the question of whether, under the Circuit's extrinsic test for copyright infringement, the works in issue are substantially similar.

As Defendant acknowledges, to perform the Circuit's extrinsic test, the Court must identify, sort and "filter" the protected and unprotected elements of Plaintiff's work, and then compare them to Defendant's work. Doing so is a three-step process, which this Court reviewed in *Gorski v. Gymboree*, 2014 WL 3533324, *4 (N.D. Cal. July 16, 2014). The Court's decision there suggests that the latter two steps are the focus here; as the Court noted, the "salient inquiry" is whether the protectable elements of the works are substantially similar, citing *Benay v. Warner Bros.*, 607 F.3d 620, 624 (9th Cir. 2010). In the present case, that means a "detailed examination" of the works in issue, *Funky Films v. Time-Warner*, 462 F.3d 1072, 1075 (9th Cir. 2006), as well as "if necessary" consideration of "expert testimony" to "dissect" protected elements from unprotected ones, *Apple v. Microsoft*, 35 F.3d 1435, 1443 (9th Cir. 1994).

To perform that task, Defendant requests that the Court take judicial notice of the Merriam Webster definition of "Unicorn" and the Encyclopedia Britannica entry on

"Unicorns". See RJN, Ex. A. and B. This backdoor proffer purports to support Defendant's contention that the similarities noted in the Complaint are "unprotectible" elements of the Subject Designs. Defendant's briefing also asks the Court to consider the CAD attached to the Declaration of Chunhong Zhang, which Mr. Zhang claims is a "a true and correct copy of the graphic artwork used on the product pictured in the Complaint." See Zhang Decl. ¶ 3. Plaintiff objects to Mr. Zhang's declaration, as the CAD attached thereto is clearly more detailed in its coloring and star designs and therefore, does not appear to be an accurate representation of the design that appears on the infringing product pictured in Plaintiff's Complaint. See Zhang Decl. ¶ 1 and Plaintiff's Obj. to RJN and Zhang Decl.

If these matters are indeed the foundation for Defendant's motion, as Defendant contends in its briefing, then the Court must deny the motion. The Court cannot determine conclusively from a request for judicial notice the "unprotectible" elements of unicorns. Accordingly, those matters cannot serve to rebut the Complaint's allegations or to clarify the unprotected elements of the Subject Designs.

## V. SHOULD THE COURT DECIDE TO CONSIDER THE MATTERS PRESENTED BY DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND THE DECLARATION OF CHUNHONG ZHANG, THEN IT MUST TREAT DEFENDANT'S MOTION AS ONE FOR SUMMARY JUDGMENT

Rule 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Should the Court overrule Plaintiff's objections to Defendant's request for judicial notice and the CAD attached to the Declaration of Chunhong Zhang or otherwise choose to consider those matters presented by it, then the rule applies. Defendant has presented to the Court matters outside the pleadings "not excluded by the Court." In that event, the Court must apprise the parties that it "will look beyond the pleadings to extrinsic

evidence and give them an opportunity to supplement the record." *Bank Melli v. Pahlavi*, 58 F.3d 1406, 1408 (9th Cir. 1995).

Those matters open the door to, among other things, an expert providing context to and interpretation or assessment of matters such as the generic elements of unicorns so as to identify relevant similarities between the Subject Designs and Defendant's infringing product. See *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990) (involving television scripts).

The Ninth Circuit has long recognized, beginning with the seminal case, that orders of proof under the extrinsic test may and often do include expert testimony on subjects like "generic elements" or "elements common to a given genre". *Sid & Marty Krofft v. McDonald's*, 562 F.2d 1157, 1164 (9th Cir. 1977) (involving television show and commercial). See also *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018) (involving musical compositions; approving instructions and explaining that extrinsic test requires "analytical dissection of a work and expert testimony"); *Antonick v. Electronic Arts*, 841 F.3d 1062, 1067 (9th Cir. 2016) (involving source code; same). Cf. *Brocade Communications v. A10 Networks*, 873 F. Supp. 2d 1192, 1218 (N.D. Cal. 2012) (denying summary judgment where expert testimony proffered to identify "protected" elements of plaintiff's source code used by defendant).

The Ninth Circuit's recent decision in the "Stairway to Heaven" case is instructive. In *Skidmore v. Led Zeppelin*, 905 F.3d 1116, 1136 (9th Cir. 2018) (petition for rehearing pending), the court reversed a jury verdict due to error in two instructions going to application of the extrinsic test. That error consisted of the district court's instructing the jury that copyright law did not protect certain "common musical elements" which, the court found, "undercut testimony by [plaintiff's] expert that [defendant] copied [one such element] used in an original manner" and "that [the two songs in issue] were similar because of the combination of otherwise unprotectable elements." *Id.* at 1129. The court concluded that "these instructions were prejudicial as they undermined the heart of [plaintiff's] argument that [the two songs in question] were

extrinsically substantially similar." *Id.* at 1130.

By including their request for judicial notice and the Zhang Decl., Defendant acknowledges a core premise of Plaintiff's opposition to their motion. The Court and, ultimately, the jury can and should consider extrinsic evidence to perform the extrinsic test in this case. Just as the notes to the pertinent jury instruction recognize, the state of the factual record will dictate the nature and scope of that inquiry. See Ninth Cir. Model Civ. Jury Instr. 17.19 (2017) ("The Committee recommends that the court and counsel specifically craft instructions on substantial similarity based on the particular work(s) at issue, the copyright in question, and the evidence developed at trial.").

## VI. SHOULD THE COURT BE PERSUADED TO LAUNCH A SUBSTANTIAL SIMILARITY ANALYSIS, IT WILL FIND SUBSTANTIAL SIMILARITY OF IDEAS AND EXPRESSION BETWEEN THE WORKS IN ISSUE

In order to grant the motion at this stage of the proceedings, the Court must "conclude that no reasonable juror could find substantial similarity of ideas and expression" in the two works in issue. *Kouf v. Walt Disney*, 16 F.3d 1042, 1045 (9th Cir. 1994) (summary judgment). In making that assessment under the Circuit's extrinsic test, certain bedrock copyright law principles must be applied at this stage of the proceedings in Plaintiff's favor where the Court harbors any doubt in the matter.

First, a protected element can consist of prior art expressed in an original way. *Feist*, 499 U.S. at 345–46. Second, the bar for originality in a protected element is low. *Ets-Hokin v. Skyy Spirits*, 225 F.3d 1068, 1076 (9th Cir. 2000). Third, an arrangement or sequence of unprotected elements can constitute the artistic expression of an idea, rather than merely a generic idea or series of generic ideas. See *Feist*, 499 U.S. at 362 (involving telephone directories); *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002) (involving screenplay and television series); *Wilson v. Walt Disney*, 2014 WL 4477391, at *1 (N.D. Cal. July 30, 2014) (Chhabria, J.) (involving short films).

As the Complaint reflects, many elements of the works in issue are similar in substantial and meaningful ways. See Complaint at ¶¶ 10 - 28.

**Subject Design C**

Both Subject Design C and the Subject Product share star elements on top of a colored background with a cognizable similarity in the expression of those ideas. Defendant asserts that "…the idea of combining star-like features over the background of diagonal stripes or color gradients is not protectable…" See the Motion, page 13; lines 17, 18. However, unprotectable elements "may gain some protection in combination with each other. Specific combinations of unprotectable elements may be copyrightable provided that the elements combined are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Muromura v. Rubin Rostaer & Associates*, CV 12-09263 DDP AGRX, 2015 WL 1728324, at *3-4 (C.D. Cal. 2015).

As stated above, the CAD attached to the Zhang Decl. is clearly more detailed in its coloring and star designs than the design that appears on the infringing product pictured in the Complaint. Accordingly, any examination should be based only on a comparison of the works as pictured in the Complaint. Such examination reveals that the works are substantially similar in their creative placement of star elements over a background of diagonal color stripes that fade into each other with a creative emphasis on the colors red, pink, yellow and blue.

**Sky Horse Designs**

The Sky Horse Designs depict unicorn and horse elements on the hood of garments, with distinct expressive elements of horns, eyes, ears, nose, and mane, all of which are not commonplace in depictions of horses and unicorns and costumes of same. There are infinite ways in which to represent a cartoon version of a unicorn or horse on a costume and to express the elements of horns, eyes, ears, nose, and mane. Despite this, the Subject Product depicts these elements on the hood of its garments with designs that are substantially similar or identical to the Sky Horse Designs' expressive elements.

Defendant attempts to point to a series of minor or trivial differences between the actual protected elements identified by Plaintiff and copied in Defendant's product. For

example, Defendant attempts to assert that the eye elements differ in that "Sky Horse uses eyes that include a common crescent white moon shape and two dots along the 'equator' of the eye. On the other hand, the eyes on the Subject Product include a narrower blue crescent moon shape and only one dot at the top of the cartoon eye." See the Motion, pages 2 - 3. First, Defendant does not provide any support for its assertion that Sky Horses' eye shape is "common". Second, the minor variation in the Subject Product's eye as described above does very little to change its substantial similarity to the Sky Horse Design, especially since both eyes appear to be approximately the same size, color (black) and shape and both distinctively contain three eyelashes. Although horses have hundreds of eyelashes, the Sky Horse design creatively utilizes just three eyelashes to enhance the cartoon eye effect, which the Subject Product directly copies.

Defendant also attempts to assert that the nose elements differ in that the "the nose on the Sky Horse is depicted by two dots placed wide apart on an oval-like appendage sewn onto the tip of the hood whereas the nose on the Subject Product is represented by two dots close to each other on the seam of the hood." See the Motion, page 3, lines 5 - 8. Defendant does not deny the similarity in both works using two black dots, both of which appear to be approximately the same size, in order to represent the unicorn's nose. Again, there are infinite ways to represent a unicorn's nose on a costume; placing the dots in a slightly different location does not effectively lessen the substantial similarity with the Subject Design's creative expression of the nose element.

Defendant also attempts to assert trivial differences in the horn and mane features, none of which change the overall substantial similarity between the two works. See the Motion, pages 3, 4. Accordingly, the Court cannot grant the motion, as it cannot conclude that no reasonable juror could find substantial similarity of ideas and expression in the two works in issue.

/ / /

/ / /

/ / /

## VII. SOME OF THE DIFFERENCES THAT DEFENDANT IDENTIFIES BETWEEN ELEMENTS OF THE TWO WORKS BOLSTER THE PLAUSIBILITY OF PLAINTIFF'S ALLEGATIONS OF SIMILARITY

Minor or trivial differences between elements of the two works may constitute evidence of extrinsic similarity. Depending on the state of the evidence at trial, a jury could conclude that the differences are inconsequential to a finding of similarity precisely because they reflect the infringer's intent to mask the theft of more meaningful elements of the prior work. *Sugarfina v. Sweet Pete's*, 2017 WL 4271133, at *7 (C.D. Cal. Sept. 25, 2017) ("superficial changes to the characteristics of a copyrighted work in an accused work may be considered an attempt to disguise an intentional appropriation") (quotation and citation omitted). Cf. *Harold Lloyd*, at 360 ("an infringement is not confined to literal and exact repetition or reproduction; it includes also the various modes in which the matter of any work may be adopted, imitated, transferred, or reproduced, with more or less colorable alterations to disguise the piracy") (quotation omitted).

Given what Plaintiff has plausibly alleged, the Court can reasonably infer that Defendant directly copied from the Subject Designs. The trivial changes Defendant made to the Subject Designs – i.e, one iris instead of two, five rings on the horn instead of four – do not change the fact that the two works are substantially similar under the extrinsic test. If evidence emerges that Defendant made those trivial changes to mask their theft, such differences would only serve to bolster Plaintiff's claims of infringement.

The works in issue need not be carbon copies of one another to sustain Plaintiff's claim for copyright infringement. The pertinent elements of the works in issue bear enough meaningful similarities that the Court should allow Plaintiff's copyright infringement claim to proceed.

/ / /

/ / /

/ / /

**VIII. CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion. To the extent the operative pleading requires further refinement to meet the Court's ruling on the Motion, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend.

Dated: March 5, 2021          **THE LAW OFFICE OF THAD M. SCROGGINS**

                                  By:   /s/ Thad M. Scroggins
                                          Thad M. Scroggins, Esq.
                                          Attorney for Plaintiff,
                                          ANTON INTERNATIONAL, INC.